41560. LEWIS et al. v. MILLWOOD.

Argued October 6, 1965—Decided October 15, 1965.

*Whelchel, Dunlap & Gignilliat, William P. Whelchel,* for plaintiffs in error.

*E. C. Brannan, Jr., R. F. Schuder,* contra.

Hall, Judge. The issue raised is whether the evidence demanded a finding that at the time the employee did the acts injurious to the plaintiff he was not in the scope of his employment and in the prosecution of his employer's business. The testimony was in conflict. The testimony for the defendant showed that the employee drove a woman who was his friend, as a fare-paying passenger, to the plaintiff's house; the woman had stated that she wanted to go there to pay the plaintiff some money for a stove; at her request the employee went to the door and recognized the plaintiff as someone he had had trouble with before; he told the plaintiff that he had a lady in his cab, whom he named, who wished to see the plaintiff; the plaintiff said he was not coming out, whereupon the employee walked back toward the cab, and when he had almost reached the street the plaintiff came out and attacked and threatened to kill him; an altercation followed in which the plaintiff and the employee exchanged blows and during which the plaintiff grabbed the steering wheel away from the employee as he was moving the cab. The plaintiff's version of the incident was that the employee came to his door and demanded to know why he had asked the

lady in his cab for money for a stove, stated that she did not owe the plaintiff and he had better not bother her any more; an altercation ensued and the employee deliberately ran the taxicab into the plaintiff and his automobile.

An employer is liable for the wrongful acts of his employee done in the prosecution and scope of the business of the employer. *Code* § 105-108; *Southern R. Co. v. James*, 118 Ga. 340 (45 SE 303, 63 LRA 257); *Savannah Electric Co. v. Wheeler*, 128 Ga. 550, 553 (58 SE 38, 10 LRA (NS) 1176). But an employer is not liable for acts of his employee in no way connected with or in furtherance of the employer's business. *Henderson v. Nolting First Mortgage Corp.*, 184 Ga. 724, 732 (193 SE 347, 114 ALR 1022); *Georgia Power Co. v. Shipp*, 195 Ga. 446, 452 (24 SE2d 764). It cannot be said that the duty of a taxicab operator to its passenger extends to engaging in a controversy with a third person over the passenger's financial affairs not related to the payment of the taxi fare, or that to undertake such a controversy is in the scope of the business. None of the testimony in this case shows that the employee's injurious actions towards the plaintiff were in the prosecution and scope of the employer's business or interests. The evidence shows rather that the employee's acts were either to repel aggressions by the plaintiff, or to protect the interests of the lady in his cab unrelated to her status as a passenger, or were related to a personal controversy with the plaintiff.

The trial court erred in overruling the defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*