46143. TRIPLE "C" RECREATION ASSOCIATION, INC. et al. v. CASH et al.

46144. CASH v. CONTINENTAL CAN COMPANY, INC. et al.

PANNELL, Judge. Patricia L. Cash brought an action against Continental Can Company, Inc., Triple "C" Recreation Association, Inc., George Widgeon, who was president of Triple "C" Recreation Association, Inc., and George O. Robertson, an employee of Triple "C" Recreation Association, Inc., seeking to recover for the death of her husband who was shot and killed by Robertson, alleged to be the manager and bartender at a club operated by Triple "C" Recreation Association, Inc. Motion for summary judgment by Widgeon and Triple "C" Recreation Association, Inc., was overruled and is brought to this court by appeal in case number 46143. A motion for summary judgment by Continental Can Company, Inc., was sustained and brought to this court by appellant, Patricia L. Cash, in case number 46144. A motion was made to dismiss the appeal in case number 46143. *Held:*

1. A notice of appeal, properly entitled in the case, by named parties "from the order executed by the Honorable William M. Fleming, Jr., Judge of the Superior Court of Richmond County, Georgia, Augusta Judicial Circuit, Second Division, on October

22, 1970, overruling the motion for summary judgment filed by the [named parties] in said case, which order the court has certified for appeal on the 22nd day of November, 1970," sufficiently identifies the judgment appealed from, even though it appears from the record that the judgment overruling the motion for summary judgment of the appellant was actually dated and filed a day later, on the 23rd day of October, 1970, and even though it appears that the certificate of review of such described judgment was actually dated November 2, 1970, where it also appears from the record there was only one motion for summary judgment filed by the appellants and only one order overruling the same. The motion to dismiss the appeal in case number 46143 is denied. *Harrison v. State,* 120 Ga. App. 812 (1) (172 SE2d 328).

2. Where there is evidence that the Triple "C" Recreation Association, Inc., was organized by an "ex-employee of Continental Can Company, Inc., of several years ago," and received its charter in 1961, and the Continental Can Company, Inc., loaned money to buy the land on which the Recreation Association erected its facilities, that under the bylaws of the Recreation Association, any employee of Continental Can Company, Inc., could become a member of the Recreation Association upon making an application therefor and agreeing to have dues deducted from wages by Continental Can Company, Inc., that under the bylaws of the Recreation Association the secretary and the treasurer were to be appointed, and were appointed, by the plant manager of the local Continental Can Company, Inc., for indefinite terms, and under the bylaws the treasurer was in charge of the property of the Recreation Association, and the local plant manager of Continental Can Company, Inc., was given authority to, and did, appoint three advisors to meet with the Board of Directors of the Recreation Association, but without voting power, and it further appears Continental Can Company, Inc., "reimbursed" the Recreation Association for part payment of expenses when functions were held on the Recreation Association property for *all* the employees of Continental Can Company, Inc., and that Continental Can Company, Inc.,

"provided labor from time to time to clean the area," and the evidence further shows that at one time the Continental Can Company, Inc., ceased deduction of membership dues from employee salary checks "because of lack of conformance by the Recreation Association with the Company's policy of recreational activities being available for all employees" and that this ceasing of dues deductions lasted for four months and put the Recreation Association in a precarious financial position and the Recreation Association contemplated selling the club, swimming pool, and property, but a concentrated drive was instituted and *all* employees had an opportunity to participate in the Recreation Association's activites as bona fide members and with a good representation from all departments and all groups was established and the Continental Can Company, Inc., then again continued to deduct membership dues; such evidence is sufficient to authorize a finding that the Recreation Association was the agent of the Continental Can Company, Inc., in the operation of the club facilities even though the New Year's Eve party in question at which the shooting occurred was an "open party" at which persons not employees of Continental Can Company, Inc., were invited as guests by the members of the Recreation Association and for which party no expenses were "reimbursed" by Continental Can Company, Inc. Whether the evidence is sufficient to authorize a finding that the corporate entity of the Recreation Association can be disregarded we do not decide. See in this connection *Exchange Bank of Macon v. Macon Constr. Co.,* 97 Ga. 1 (25 SE 326, 33 LRA 800), 18 AmJur2d 559, § 14; Id., p. 564, § 17, in which latter section it is said that "the notion of separate corporate existence of parent and subsidiary or affiliated corporations will not be recognized where one corporation is so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, adjunct, or alter ego of another corporation." See also 19 AmJur2d 217, § 717, stating: "[A] corporation which exercises actual control over another, operating the latter as a mere instrumentality or tool, is liable for the torts of the corporation thus controlled. In such instances, the separate identities of parent and subsidiary or affiliated corpora-

tions may be disregarded."

3. The evidence was sufficient to authorize a finding that the defendant Robertson was both bartender and manager of the club operated by the Recreation Association and that one of his duties of employment was to maintain order in the club and to call the police or an officer of the Recreation Association if he needed help and that he was permitted to keep on the premises a pistol, purchased by him, because the club had been burglarized several times. It follows, therefore, that when, on the occasion in question, one of the persons seated at the bar, referring to Robertson's wife and within the hearing of the wife, said to his companion that she was "crazy as hell" and when Robertson told him not to make the statement any more, that the woman referred to was his wife, such person repeated the statement and as a result thereof Robertson slapped such person and then shot him with the pistol resulting in such person's death, it was a jury question as to whether the act was done within the scope of his employment. See in this connection *Southeastern Fair Assn. v. Wong Jung,* 24 Ga. App. 707 (102 SE 32); *Plumer v. Southern Bell Tel. &c. Co.,* 58 Ga. App. 622 (199 SE 353); *Broome v. Primrose Tapestry Mills,* 59 Ga. App. 70 (200 SE 506); *Schwartz v. Nunnally Co.,* 60 Ga. App. 858 (5 SE2d 91); *Falls v. Jacobs Pharmacy Co.,* 71 Ga. App. 547 (31 SE2d 426); *Parry v. Davison-Paxon Co.,* 87 Ga. App. 51, 54 (73 SE2d 59); *Prince v. Brickell,* 87 Ga. App. 697, 700 (75 SE2d 288); *Pope v. Seaboard A. L. R. Co.,* 88 Ga. App. 557, 561 (77 SE2d 55); *Lewis v. Millwood,* 112 Ga. App. 459, 460 (145 SE2d 602); *American Oil Co. v. McCluskey,* 119 Ga. App. 475 (2) (167 SE2d 711); *Gasway v. Atlanta & W. P. R. Co.,* 58 Ga. 216; *Southern R. Co. v. James,* 118 Ga. 340 (45 SE 303, 63 LRA 257); *Exposition Cotton Mills v. Sanders,* 143 Ga. 593 (85 SE 747); *Henderson v. Nolting First Mortgage Corp.,* 184 Ga. 724 (193 SE 347, 114 ALR 1022).

4. The only evidence relating to any negligence or fault on the part of the president of the Recreation Association, George Widgeon, Jr., is that he knew and permitted the defendant, Robertson, to keep a pistol on the premises. There is no evidence that the defendant, Widgeon, knew or had cause to sus-

pect that the defendant, Robertson, would be likely to lose his temper and use the pistol for any purpose other than to protect the property of the Recreation Association. The evidence is uncontradicted that before hiring Robertson exhausting inquiry was made which disclosed that he was a level-headed, calm person with a good reputation for sobriety and so forth, and appellees admit in their briefs that they are not making any contention that either the president or the Recreation Association were negligent in employing Robertson. It is, therefore, our opinion that merely permitting an employee to possess a gun on the premises does not amount to such negligence as would authorize a recovery against the president of the Recreation Association in this case. The case of *American Oil Co. v. McCluskey,* 119 Ga. App. 475 (2), supra, contains no ruling to the contrary. In that case, the issue was whether the act of carrying the pistol was in the scope of employment of a servant in an action against the master. Here, in this division of the opinion, we are dealing solely with an alleged personal act of negligence of the president of a defendant corporation.

5. From the above rulings, it follows that the trial court erred in granting the motion of Continental Can Company, Inc., for summary judgment in case number 46144 and erred in denying the motion for summary judgment of George Widgeon, president of the Recreation Association, in case number 46143, but was correct in denying the motion for summary judgment of Triple "C" Recreation Association, Inc., in that case.

*Judgment reversed in case number 46144. Judgment reversed in part; affirmed in part in case number 46143. Bell, C. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED APRIL 5, 1971—DECIDED OCTOBER 7, 1971—
REHEARING DENIED NOVEMBER 2, 1971—

*Hull, Towill, Norman, Barrett & Johnson, James M. Hull, Jr.,* for Triple "C."

*McGahee, Plunkett & Benning, Paul K. Plunkett,* for Cash.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for Continental Can.