## 65836. CURTIS, INC. v. KELLEY.

CARLEY, Judge.

Appellee-plaintiff was injured when an automobile which was owned by Gizel and Charlene Norris was struck by a truck which was being operated by Gizel Norris. At the time of the collision, appellee was attempting to help Charlene Norris extricate the Norris' vehicle from a ditch and Gizel Norris was maneuvering the truck "so [he] could hook up to [his vehicle] and pull it out of the ditch."

Appellee instituted the instant action against the Norrises and appellant-defendant. Appellant was named as a defendant in the suit on the theory that Gizel Norris was appellant's employee and that appellant was consequently liable for Norris' torts under the principle of respondeat superior. The case proceeded to trial and extensive evidence was submitted concerning the nature and terms of Norris' employment and his activities on the day in question. Succinctly stated, that evidence showed the following: Norris owned the truck and, under a written lease agreement, had agreed to furnish it and a driver to appellant. Under the agreement, as well as pursuant to applicable federal regulations, appellant was deemed to have exclusive possession, control and use of the truck for the duration of the lease. On the day in question, Norris performed certain maintenance work on the truck in preparation for a departure the following day on a long distance trip for appellant. After the maintenance work had been completed, Norris decided to "road test" the truck. He left his home, where the truck was parked when not "on duty," and drove it into town. Norris stopped the truck to check for leaks or other mechanical problems and, discovering none, he began the return trip to his home. On the way, Norris stopped to purchase beer and then continued on. As Norris approached his home, he discovered that his own personal vehicle, which had been parked next to the house when he had left, was now partially in the ditch along the street in front of his house. It appears that, while Norris had been road testing the truck, his personal vehicle had rolled into the ditch from its former position next to the house. Charlene Norris and several others, including appellee, were attempting to remove the automobile from the ditch. Norris drove past the first driveway entrance to his home where the truck would have been parked after the road test and, according to his own uncontradicted testimony, was maneuvering the truck into position to pull his own vehicle out of the ditch when the collision between the truck and the automobile occurred.

The trial court reserved ruling on appellant's initial motion for directed verdict made at the close of appellees' evidence. At the close

of all the evidence, appellant renewed its motion for directed verdict. The motion was then denied and the issue of appellant's liability under the theory of respondeat superior was submitted to the jury. A verdict for appellee and against the Norrises and appellant was returned. Judgment was entered on the verdict and appellant subsequently moved for judgment n.o.v. or, in the alternative, for a new trial. This motion was denied and appellant's instant appeal was filed.

"The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on business of the master. [Cits.] 'Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise.' [Cits.] This must be done by clear, positive and uncontradicted evidence. [Cits.]" *Allen Kane's Major Dodge v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186) (1979). "'[T]he presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence.' [Cit.] " *Allen Kane's Major Dodge v. Barnes,* supra at 778.

In the instant case, any presumption that might otherwise have arisen by virtue of a master-servant relationship between appellant and Norris was overcome by clear, positive and uncontradicted evidence that, at the time of the actual collision, Norris was not acting within the scope of that employment, but was, instead, engaged in the personal matter of extricating his own automobile from the ditch in front of his home, an act which was entirely disconnected from the master's business. See generally *Marketing Sales Indus. v. Roberts,* 118 Ga. App. 718, 719 (165 SE2d 319) (1968). " 'To hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment.' [Cit.] *'The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.* [Cit.]' [Cit.]" (Emphasis supplied.) *Corum v. Edwards-Warren Tire Co.,* 110 Ga. App. 33, 34(1) (137 SE2d 738) (1964). "None of the testimony in this case shows that the employee's injurious actions toward the plaintiff were in the prosecution and scope of the employer's business or interests." *Lewis*

*v. Millwood,* 112 Ga. App. 459, 460 (145 SE2d 602) (1965). Instead, the uncontradicted evidence showed that Norris drove past his driveway to his home, where the truck would otherwise have been parked after road testing, in order to engage in the purely personal mission of pulling his own vehicle from the ditch. It was during the course of this purely personal mission that the collision occurred and appellee was injured. The presumption that Norris was in the scope of his employment at the time of the collision having been overcome by uncontradicted evidence and there being no other evidence supporting or corroborating the presumption, the verdict against appellant based upon the principle of respondeat superior cannot stand. *Allen Kane's Major Dodge v. Barnes,* supra; *Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171(1) (166 SE2d 593) (1969); *McKinney v. T.I.M.E.-D.C.,* 134 Ga. App. 57, 58(1) (213 SE2d 166) (1975). The trial court erroneously denied appellant's motion for judgment n.o.v. See generally *Lewis v. Millwood,* supra.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1983 —
REHEARING DENIED JUNE 24, 1983 —

*J. Clinton Sumner, Jr.,* for appellant.

*Richard C. Sutton, Jack F. Witcher, David H. Tisinger, Robert M. Travis, Gary M. Cooper, F. Marion Cummings,* for appellee.