### 72068. ODOM v. HUBENY, INC. et al.
### 72069. JACKSON v. HUBENY, INC. et al.
(345 SE2d 886)

DEEN, Presiding Judge.

In the early morning hours of August 20, 1984, Jennifer Odom and Kimberly Jackson went to the International House of Pancakes (IHOP) owned by Hubeny, Inc. At that time, only Sharon DeLima, waitress, Zannie Billingslea, cook, and James Foster, dishwasher, were on duty at the IHOP. What occurred following Odom's and Jackson's arrival is in dispute.

Odom and Jackson acknowledged that they had been drinking before they went to the IHOP, but denied being boisterous or offensive. The waitress DeLima, however, claimed that they were loud,

profane, and obnoxious to other customers. DeLima stated further that when Odom and Jackson spilled a cannister of coffee cream on their table, she asked them to leave and then called the police when they refused. An altercation then ensued, culminating with DeLima pouring a pot of Sanka coffee on Odom's back. (Odom had first thrown a cup of coffee on DeLima.) Odom and Jackson claimed that they had spilled the cream accidentally and were cleaning it up when DeLima demanded that they leave; in response to their request to see the manager, DeLima had manhandled Jackson out of the booth seat, grabbed Odom by the hair and punched her several times in the face, and then poured the pot of Sanka over her back. Jackson and Odom in tears had then called the police and proceeded to a hospital for treatment of Odom's scalded back.

The failure of Sanka to produce the calming effects so often attributed to that beverage in modern commercials thus left everyone concerned crying over spilled milk and developed a real dilemma for DeLima, for she was subsequently bound over on criminal charges of simple battery and named as co-defendant in this civil action. Hubeny, Inc., was the other named defendant, and it is from the trial court's grant of summary judgment for Hubeny, Inc., that this appeal follows. *Held*:

1. OCGA § 51-2-2 provides that "[e]very person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." Under the theory of respondeat superior, an employer is liable for a tort committed by his employee only where the injury is inflicted in the course of the employment and not because of some private and personal act of the employee. *McCranie v. Langdale Ford Co.*, 176 Ga. App. 281 (335 SE2d 667) (1985); *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665 (307 SE2d 129) (1983).

In the instant case, in granting summary judgment for Hubeny, Inc., the trial court found that DeLima's alleged battery of Odom and Jackson was intentional and private, unrelated to her employment. However, Charles Hubeny, president of Hubeny, Inc., explained that DeLima, as a waitress, had been authorized to request a troublesome patron to leave, if the manager was not present to do so, but that she should call the police if the customer refused. There was evidence showing that the altercation between DeLima and the two appellants resulted from DeLima's effort to do just that. "[T]he theory that one may be an employee one minute and the very next minute become enraged, commit an assault and battery, and in that act be not an employee, is too fine-spun a distinction. *Central of Ga. R. Co. v. Brown*, 113 Ga. 414, 416 (38 SE 989) (1901)." *Gilbert v. Progressive Life Ins. Co.*, 79 Ga. App. 219, 222 (53 SE2d 494) (1949). The evi-

dence of record established an issue of fact whether DeLima had acted outside the scope of her employment or whether she had merely carried out her employer's business, although perhaps overzealously, and summary judgment for Hubeny, Inc., thus was inappropriate on this count. *McCranie v. Langdale Ford Co.*, supra.

2. Summary judgment was proper, however, with regard to Jackson's and Odom's claims that Hubeny, Inc., should be liable for its negligent hiring and retention of an employee with violent and criminal propensities. An employer's liability for negligent hiring or retention of an employee requires proof that the employer knew or should have known of the employee's violent and criminal propensities, *Edwards v. Robinson-Humphrey Co.*, 164 Ga. App. 876, 880 (298 SE2d 600) (1982); *Southern Bell Tel. &c. Co. v. Sharara*, supra, and there was no evidence of such knowledge in this case. No actionable negligence was shown by the fact that Hubeny, Inc. did not investigate DeLima's past history, since DeLima's denial of any previous violent or criminal episodes was uncontroverted.

*Judgments reversed in both appeals. Benham and Beasley, JJ., concur.*

DECIDED MAY 14, 1986 —
REHEARING DENIED MAY 30, 1986 —

*Charles H. Wills, Charles J. Jurjevich*, for appellants.
*John C. Grabbe IV, Alan L. Newman, S. Marshall Huey, Jr.*, for appellees.