76718. BACON v. NEWS-PRESS & GAZETTE COMPANY.
(373 SE2d 797)

SOGNIER, Judge.

Earl Bacon brought suit against News-Press & Gazette Company, d/b/a WSAV-TV, seeking to hold the television station liable under the doctrine of respondeat superior for damages he suffered as the result of an altercation between him and two employees of the television station, Michelle Mears and Daryl Holder. WSAV moved for summary judgment as to its liability for Holder's actions; the existence of questions of fact regarding its liability for the actions taken by Mears was conceded. The trial court granted the motion for summary judgment in favor of the television station and Bacon appeals.

The record reveals that Holder, a photographer and camera man for appellee, visited the scene of a fire at Consolidated Container Corporation, recorded the fire, then returned subsequently with Mears, a television reporter for appellee, so that she could complete the coverage of the news story. Mears and Holder obtained permission from a police officer to enter the property and were proceeding thereon when

Holder, at Mears' request, left to get a sweater for her from her vehicle. During his absence, Mears encountered appellant, an employee at Consolidated Container. Mears asserted in her deposition that appellant, who did not identify himself or his position to her, first shouted obscenities at her then pushed and shoved her back repeatedly although she had identified herself and her job to him and told him she had the police officer's permission to be on the property. Mears stated she struck appellant with her hand after he had shoved her about five times, at which point she noticed a second man with a sawed-off shotgun aiming the weapon at her head. Holder, by deposition, stated that as he was returning with the sweater, he heard Mears screaming his name for help. Upon arriving at the scene, he observed Mears being manhandled by one individual (later identified as appellant) while a second man loaded and pointed a double-barrel shotgun at her. Holder drew the pistol he was carrying and ordered the men to stop; the police arrived at the scene within moments and escorted Mears and Holder away. In sharp contrast to this evidence, appellant stated in his deposition that after Mears deliberately disregarded his warnings and requests to leave the property, he stood in front of her and held out his arms to stop her from trespassing, but that she persisted in trying to get around him and subsequently slapped him without provocation. According to appellant, Mears then turned and ran away but Holder, who had just arrived on the scene, put a pistol in appellant's face and screamed obscenities at him. The evidence is uncontroverted that appellant did not confront Mears for personal reasons but did so to prevent her from accessing the fire scene, where she was going in order to obtain her news story.

"The question whether or not the servant at the time of an injury to another was acting in the prosecution of his master's business and in the scope of his employment is for determination by the jury, except in plain and indisputable cases." *Jump v. Anderson*, 58 Ga. App. 126, 128 (197 SE 644) (1938). We agree with appellant that questions of fact are raised by the evidence of record whether Holder's action was "entirely disconnected from" the business of appellee, his employer, see *Jump*, supra, or whether it was an attempt on Holder's part to prevent appellant from thwarting Mears' pursuit of the news story, so as to constitute an act in furtherance of the business of appellee. See generally *Lewis v. Millwood*, 112 Ga. App. 459, 460 (145 SE2d 602) (1965). The fact that Holder's action may have been mingled with personal motives or purposes does not automatically entitle appellee to summary judgment, since " 'the presence of [a personal] motive or purpose in the servant's mind does not affect the master's liability, where that which the servant does is in the line of his duty and in the prosecution of the master's work.' It was at least a jury question as to whether or not there was a deviation, and, if so,

whether the deviation was so slight as not to affect the master's responsibility for the servant's act." *Jump*, supra at 129.

Appellee argues that the existence of a station policy forbidding employees from carrying weapons on assignment (a policy of which Mears testified she had never been advised) relieves it of liability for Holder's alleged tortious behavior. " 'However, so long as the servant is acting within the scope of his employment, the [employer] is liable, though the negligent act was not necessary to the performance of his duties, or though it was not expressly authorized or known to the employer, or *was contrary to his instructions*. . . . If the act is within the class [of activities performed on behalf of the employer], the master is bound, although the servant is forbidden to perform the particular act. If not within the class, the master is not bound.' [Cit.]" (Emphasis supplied.) *Evans v. Caldwell*, 52 Ga. App. 475, 478 (184 SE 440) (1936), aff'd 184 Ga. 203 (190 SE 582) (1937). The existence of questions of fact regarding whether Holder's act was in prosecution of his employment thus renders inappropriate the grant of summary judgment in favor of appellee on the basis of the asserted station policy. Finally, we note that, in view of evidence indicating Holder's action was in response to a situation in which Mears was being physically assaulted by appellant while another man was pointing a double-barrel shotgun at her, there is a question of fact whether Holder's action constituted the type of "independent *voluntary* act" required to exempt an employer from liability for the tortious acts of its servant. See *Broome v. Primrose Tapestry Mills*, 59 Ga. App. 70, 74 (200 SE 506) (1938); *Jump*, supra at 128.

Accordingly, in the absence of plain and indisputable facts, the trial court's grant of summary judgment in favor of appellee must be reversed. See generally *Odom v. Hubeny, Inc.*, 179 Ga. App. 250, 251-252 (1) (345 SE2d 886) (1986).

*Judgment reversed. Birdsong, C. J., Banke, P. J., Carley, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

"Under the theory of respondeat superior, an employer is liable for a tort committed by his employee only where the injury is inflicted in the course of the employment and not because of some private and personal act of the employee. [Cits.]" *Odom v. Hubeny*, 179 Ga. App. 250, 251 (345 SE2d 886) (1986); OCGA § 51-2-2, generally. "The mere fact that the assault occurred during a time of ostensible employment . . . is not dispositive on the question of scope of employment. [Cit.]" *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 667 (307 SE2d 129) (1983). In this case, it was not a situation where an employee carried out his employer's business overzealously,

but rather one where the employee acted out of "private and personal" concern for the safety of his friend/co-worker. Bacon's deposition testimony failed to contradict Holder's testimony that clearly indicated he acted out of this concern to rescue Mears, and not out of concern to cover a news story. The trial court thus properly granted partial summary judgment for WSAV-TV, and I must respectfully dissent from the majority opinion's contrary conclusion.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED SEPTEMBER 9, 1988—
REHEARING DENIED OCTOBER 6, 1988—CERT. 

*Joseph B. Bergen, Frederick S. Bergen,* for appellant.
*Dana F. Braun, Shari M. Sigman,* for appellee.