## 77171. CARDEN v. MUNFORD, INC.
### (377 SE2d 524)

BIRDSONG, Judge.

Appellant/plaintiff, Deborah Carden, appeals from the grant of summary judgment to appellee/defendant, Munford, Inc. Carden entered Munford's convenience store in Marietta to make a purchase. Appellant's response to appellee's statement of undisputed material facts alleges that words were exchanged between Carden and the store manager, Trina Shaw. Carden asked to see the manager's name tag and after receiving it, walked out of the store and gave it "to a friend waiting in a car just outside the door to write the name down."

There is no admissible evidence in the record as to what occurred, but appellee's brief states that Carden took Shaw's name tag and threw it into a car through an open sun roof. The complaint alleged Carden was "intentionally struck on the neck and face" by Shaw. This action was filed against Munford on the basis that it was "guilty of negligent hiring and supervision of its employees and is liable under the theory of respondeat superior."

Appellee moved for summary judgment and filed affidavits of: (1) the individual who first hired Shaw and was her immediate supervisor, (2) the District Security Manager for Munford, who interviewed Shaw prior to her employment and performed a polygraph test on her in which he checked out her prior history, and (3) the Area Supervisor for Munford, which included overall responsibility for the store which was managed by Shaw.

Although appellant's complaint was brought on the basis of negligent hiring and respondeat superior, appellate briefs of both parties show appellant "abandoned its charge of negligent hiring but maintained that the intentional tort committed was within the scope of Majik Market's business . . ." and continued to assert that Munford "shall be liable for torts committed by his servant within the scope of his business. . . ." Appellee's affidavits dealt primarily with the allegation of negligent hiring by Munford but the area supervisor recounted what Shaw's duties were and Munford's policy toward its customers. Neither side introduced the affidavits of either Carden or Shaw, and there is no admissible evidence in the record as to what occurred during this incident. The trial court granted summary judgment for appellee and Carden filed this appeal. *Held:*

"The test for the grant or denial of summary judgment is whether there remains after consideration of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits any genuine issue of material fact. [Cit.] The burden is on the movant to show that no material issue remains, and the pleadings will be construed and inferences from the evidence interpreted favorably toward making and retaining a genuine issue of fact." *Hansford v. Robinson,* 255 Ga. 530, 531 (2) (340 SE2d 614).

When the movant for summary judgment is the defendant, as here, " 'the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence [(Cits.)] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. [Cits.] And until movant has made a prima facie showing by evidence which demands a finding in his favor as to the particular matter, there is no duty upon the opposing party to produce rebuttal evidence.' " (Emphasis deleted.) *Lawrence v. Gardner,* 154 Ga. App. 722, 724 (270

SE2d 9); accord *Shirley v. Bacon,* 154 Ga. App. 203, 204 (267 SE2d 809).

Pleadings which have not been pierced create issues for jury resolution. *Cowart v. Five Star Mobile Homes,* 161 Ga. App. 278, 280 (291 SE2d 13); *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 22 (232 SE2d 369). In the instant case plaintiff alleged that Shaw intentionally struck her on the face and neck. This assault and battery occurred while plaintiff was a customer in appellee's store and arose from a disagreement within the store. This allegation of intentional misconduct was predicated upon the theory of respondeat superior and states a cause of action. See *Odom v. Hubeny, Inc.,* 179 Ga. App. 250 (345 SE2d 886). This pleading was not pierced by any evidence and remains as a jury issue. The trial court erred in granting summary judgment for appellee.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JANUARY 3, 1989.

*Robert E. Richardson,* for appellant.
*Eve A. Appelbaum, Mary M. House,* for appellee.