## S96G1225. KISSUN et al. v. HUMANA, INC.
(479 SE2d 751)

HUNSTEIN, Justice.

The widower and co-administrators of the estate of Amala Thomas brought suit for wrongful death and medical malpractice against parent corporation Humana, Inc.; Humana's wholly-owned subsidiary which does business as Humana Hospital-Newnan; and an individual physician. Humana moved for summary judgment as to all claims against it and appealed the denial of its motion to the Court of Appeals. That court reversed, finding that there was no evidence with which to pierce the corporate veil between Humana and its subsidiary, *Humana, Inc. v. Kissun*, 221 Ga. App. 64 (1) (471 SE2d 514) (1996), and thus concluding as a matter of law that there could be no claim against Humana under either an apparent agency or a joint venturer theory. Id. at (2). We granted certiorari in this case to address whether a parent corporation can be held liable for the acts or omissions of a wholly-owned subsidiary corporation under theories of apparent or ostensible agency or joint venturer where the evidence is insufficient to pierce the corporate veil. Because the parent/subsidiary relationship alone does not, as a matter of law, preclude such corporations from establishing the legal relationships of principal and apparent agent or joint venturers, we reverse the Court of Appeals.

Three separate legal theories are in issue here: alter ego; apparent or ostensible agency; and joint venture. Under the alter ego doctrine, equitable principles are used to disregard the separate and dis-

tinct legal existence possessed by a corporation where it is established that the corporation served as a mere alter ego or business conduit of another. See, e.g., *Farmers Warehouse v. Collins*, 220 Ga. 141, 150 (137 SE2d 619) (1964); *Amason v. Whitehead*, 186 Ga. App. 320 (367 SE2d 107) (1988). The theory of apparent or ostensible agency is the legal doctrine whereby a plaintiff may subject an alleged principal to liability if the plaintiff can establish (1) that the alleged principal held out another as its agent; (2) that the plaintiff justifiably relied on the care or skill of the alleged agent based upon the alleged principal's representation; and (3) that this justifiable reliance led to the injury. *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507, 508 (361 SE2d 164) (1987). The theory of joint venturers arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (provided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other. *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981).

These three theories are closely intertwined with one another. In discussing the alter ego doctrine, the courts frequently invoke the term "agency" in the context of the subsidiary corporation having been " 'so organized and controlled and its business conducted in such a manner as to make it merely an *agency*, instrumentality, adjunct, or alter ego of another corporation.' " (Emphasis supplied.) *Triple "C" Recreation Assn. v. Cash*, 124 Ga. App. 754, 756 (186 SE2d 145) (1971). See also *Fidenas AG v. Honeywell, Inc.*, 501 FSupp. 1029, 1037 (S.D. N.Y. 1980) (tests for finding agency so as to hold parent corporation liable for obligations of its subsidiary are "virtually the same" as those for piercing the corporate veil). The general principles of agency law apply where defendants are joint venturers. *Boatman*, supra at 123; *Bowman v. Fuller*, 84 Ga. App. 421, 426 (66 SE2d 249) (1951).

However, while there may be instances where evidence to pierce the corporate veil also serves to establish an agency relationship between the corporate parties, it cannot be held as a matter of law that evidence insufficient to pierce the corporate veil automatically serves to negate the existence of an agency relationship between the corporations. The Court of Appeals has recognized that even where a parent and wholly-owned subsidiary have remained separate corporate entities so that the acts of one are not chargeable to the other under the alter ego doctrine, both corporations may nonetheless be subject to liability where one corporation acted as the agent for the other. *Midland Properties Co. v. Farmer*, 100 Ga. App. 8, 29 (18) (110 SE2d 100) (1959). Accord *Triple "C" Recreation Assn.*, supra (held: subsidiary corporation was agent of parent thus rendering it unnec-

essary to address whether evidence was sufficient to authorize finding that corporate entity of agent corporation could be disregarded). The holding in *Midland Properties Co.* is consistent with foreign authorities which have recognized the "confusion" that has stemmed from "a failure to distinguish between subsidiaries treated as independent entities and those in fact not independent, but considered part of the parent corporations." *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 842 F2d 1466, 1476 (3rd Cir. 1988).

> Courts most often "pierce the corporate veil" where fraud would result if the corporate structure were allowed to shield shareholders from liability. . . . [I]ndependent corporate status may be disregarded when such factors as gross undercapitalization, fraud, failure to observe corporate formalities, non-functioning of officers and directors, or similar circumstances indicate that the subsidiary is merely the shadow of the parent. If, as in this case, the shareholder happens to be another corporation, piercing the corporate veil results in disregard for the separate existence of parent and subsidiary.
>
> . . . .
>
> There is a second theory under which a parent may be held liable for the activities of its subsidiary: an application of general agency principles. One corporation whose shares are owned by a second corporation does not, by that fact alone, become the agent of the second company. However, one corporation — completely independent of a second corporation — may assume the role of the second corporation's agent in the course of one or more specific transactions. This restricted agency relationship may develop whether the two separate corporations are parent and subsidiary or are completely unrelated outside the limited agency setting. *See* Restatement (Second) of Agency § 14M, comment (a) (1958). Under this second theory, total domination or general alter ego criteria need not be proven.

Id. at 1476-1477.

There is no question that under appropriate circumstances a parent corporation can set up a subsidiary to promote the parent's purposes yet maintain a separate identity from the subsidiary and avoid liability for the subsidiary's actions. A parent/subsidiary relationship does not in and of itself establish the subsidiary as either the alter ego of the parent, see, e.g., *Trans-American Communications v. Nolle*, 134 Ga. App. 457, 459-460 (214 SE2d 717) (1975), or as the parent's actual or apparent agent. See *Midland Properties Co.*,

supra at (18); Restatement (Second) of Agency, § 14M (1958). However, the mere fact that one corporation is a subsidiary of another does not alone serve to insulate the parent where the evidence can establish the legal requirements of an actual or apparent agency relationship between the two corporations. *Midland Properties Co., Phoenix Canada Oil Co. Ltd.*, supra.

Therefore, the Court of Appeals erred when it concluded that the absence of evidence sufficient to create a fact question on piercing the corporate veil between Humana and its subsidiary ended all inquiry, as a matter of law, into whether a fact question remains regarding the existence of an apparent agency relationship or a joint venturer relationship under the facts of this case. The holding in Division 2 of the Court of Appeals' opinion is accordingly reversed and the case is remanded to that court for action consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Butler, Wooten, Overby & Cheeley, Joel O. Wooten, Jr., Jason L. Crawford, Floyd & Stanford, Jackson C. Floyd, Jr.*, for appellants.
*Smith, Gambrell & Russell, David M. Brown, S. David McLean, Jr., Alston & Bird, Judson Graves, Biederman & Milling, Roberts C. Milling II*, for appellee.
*Reynolds & McArthur, Charles M. Cork III*, amicus curiae.