A95A2781. HUMANA, INC. v. KISSUN et al.
(485 SE2d 809)

BLACKBURN, Judge.

In *Humana, Inc. v. Kissun*, 221 Ga. App. 64, 69 (471 SE2d 514) (1996), a case involving the use of a subsidiary corporation by a parent corporation, this Court held in Division 2, that: "*Standing alone, the lawful uses of a subsidiary corporation by its parent corporation cannot support a claim against such parent under a theory of apparent agency or joint venturer. Such claims must rest upon factors other than those which the law contemplates and approves.* Since the law allows a parent corporation to use its subsidiary to promote its own purposes and yet keep its separate identity, to hold otherwise[] would be to allow the very uses approved in 'piercing the veil' tests to establish a claim under a theory of apparent agency or joint venturer, thus vitiating the law of parent/subsidiary corporate use." (Emphasis supplied.)

Our Supreme Court reversed Division 2 of our opinion and held: "Therefore, the Court of Appeals erred *when it concluded that the absence of evidence sufficient to create a fact question on piercing the corporate veil between Humana and its subsidiary ended all inquiry, as a matter of law, into whether a fact question remains regarding the existence of an apparent agency relationship or a joint venturer relationship under the facts of this case.*" (Emphasis supplied.) *Kissun v. Humana, Inc.*, 267 Ga. 419, 422 (479 SE2d 751) (1997).

Our Supreme Court has misread our opinion which states: "Plaintiffs contend that Humana has not addressed its apparent authority or joint venturer contentions and therefore summary judgment should be denied. Humana however moved for summary judgment as to all of plaintiffs' claims and pointed out a lack of evidence to support plaintiffs' contentions. Humana met its burden under *Lau's Corp. v. Haskins*, [261 Ga. 491 (405 SE2d 474) (1991)], and *it thus fell to plaintiffs to point to specific admissible evidence* contained in the record *giving rise to a triable issue. Plaintiffs* having *failed to do so*, Humana was entitled to summary judgment and the trial court erred in denying such motion." (Emphasis supplied.) 221 Ga. App. at 70 (2).

The basis of our opinion was not that stated by our Supreme Court. Under our system, however, our Supreme Court has the final word in this matter, and accordingly, our opinion is vacated as to Division 2, pursuant to the opinion of our Supreme Court. Division 1 of our original opinion, in which we held that the trial court erred in denying Humana's motion for summary judgment with respect to the issue of piercing the corporate veil, remains unchanged.

*Judgment affirmed in part and reversed in part. Andrews, C. J., and Birdsong, P. J., concur. McMurray, P. J., concurs specially. Pope, P. J., Beasley, Johnson, Smith and Ruffin, JJ., concur in the judgment only.*

McMURRAY, Presiding Judge, concurring specially.

"The decisions of the Supreme Court shall bind all other courts as precedents." 1983 Georgia Constitution, Art. VI, Sec. VI, Par. VI. I concur in this Court's instant judgment, affirming (in part) the trial court's denial of summary judgment to defendants Humana, Inc. and its wholly owned subsidiary corporation, General Hospital of Galen, Inc., d/b/a Humana Hospital-Newnan. In my view, questions of fact remain whether Humana, Inc. is jointly liable for the alleged torts of the hospital as its joint venturer, or whether Humana, Inc. is vicariously liable as the hospital's principal. See *Kissun v. Humana, Inc.*, 267 Ga. 419, 422 (479 SE2d 751). I do not join in all that is said in the majority opinion, and so I concur in the judgment only.

DECIDED APRIL 1, 1997 —
RECONSIDERATION DENIED APRIL 29, 1997.

Before Judge Baxter.

*Smith, Gambrell & Russell, David M. Brown, Samuel D. McLean, Jr., Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Lance D. Lourie, George A. Koenig*, for appellant.

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Joel O.*

*Wooten, Jr., Floyd & Stanford, Jackson C. Floyd, Jr., Alston & Bird, Judson Graves, Mayfield & Milling, Roberts C. Milling II*, for appellees.