## 60340. BOATMAN et al. v. GEORGE HYMAN CONSTRUCTION COMPANY et al.
## 60341. BOATMAN et al. v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.
## 60342. BOATMAN et al. v. ZWEIFEL et al.

SOGNIER, Judge.

A joint venture under the appellation H. O. H. Company, composed of George Hyman Construction Company (Hyman), Hunt and Nichols, Inc. (H & N) and Ozanne Construction Company, Inc. (Ozanne), was the contractor for the Central Passenger Complex at

William B. Hartsfield, Atlanta International Airport (Airport). While the joint venture was engaged in construction of the Airport, a collision occurred between an automobile driven by Donald E. West and a vehicle driven by Ronald L. O'Brien. Robert E. Boatman, a passenger in the West vehicle, was injured and West was killed. West was safety officer for H. O. H. on the project but received his salary check from Hyman; Boatman received his check from H. O. H. Both men worked on the joint venture project. O'Brien was an employee of G & A Trucking Co., Inc. (G & A). At the time of the collision West, in his capacity as safety director for H. O. H., was driving Boatman to the doctor for treatment of a minor injury received by Boatman earlier in the day.

Boatman and his wife sued Hyman, Gary Zweifel as administrator of the estate of Donald West, United States Fidelity & Guaranty Company (USF & G), G & A and Ronald L. O'Brien, alleging that Boatman's injuries were caused by the negligence of West and G & A and seeking recovery therefor. USF & G, Boatman's insurance company, was joined under the uninsured provision, West being the only uninsured party. West's administrator moved for summary judgment under Code Ann. § 114-103, which protects employees of the same employer, when covered by workers' compensation, from suit by a fellow employee. USF&G moved for summary judgment on the same basis as its liability, if any, was derived from West. Hyman moved for summary judgment contending that all participants in the joint venture, Hyman, H & N and Ozanne, as well as H. O. H., constituted one employer. Hyman's motion was also based on Code Ann. § 114-103, which protects employers from suit by employees covered by workers' compensation. Hyman contends that Boatman received workers' compensation from H. O. H. and therefore is barred from contesting that he is an employee of H. O. H., because the agreement for compensation approved by the Workers' Compensation Board indicates that both H. O. H. and Hyman are employers. Hyman, USF & G and West's administrator were each granted summary judgment. Boatman appeals.

In order for this court to decide whether West's administrator can invoke the protection of Code Ann. § 114-103, we must determine if West, who was paid by Hyman, was a fellow servant with Boatman, who worked for and was paid by H. O. H. Was West, despite being paid by Hyman, an employee or borrowed or lent employee of H. O. H.? Stated differently from the viewpoint of Hyman's motion, did the three joint venturers constitute a single employer?

This court has established a three-pronged test which must be met before the court will apply the lent or borrowed employee rule.

"'(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work. [Cits.]' " *Pilcher v. Wise Elec. Co.,* 129 Ga. App. 92, 93 (198 SE2d 713) (1973).

Appellant, in response to appellees' motion for summary judgment stated that "the employees of GEORGE HYMAN CONSTRUCTION CO.... took their instructions and their pay from GEORGE HYMAN CONSTRUCTION CO., and not from anyone employed by HOH, and conversely, the employees of HOH took their instructions and their pay from HOH, and not from GEORGE HYMAN CONSTRUCTION CO., regardless of what the technical name of it is." This affidavit creates an apparent issue of fact as to whether West came within the borrowed or lent servant rule. See *Hill v. Six Flags Over Ga.,* 155 Ga. App. 457 (270 SE2d 914) (1980). As a result of this assertion by affidavit, we are required to examine more closely the relationship of the parties to the joint venture from the standpoint of constituting a single employer.

The joint venture agreement between the parties provided that they share certain percentage participation "in furnishing required capital and in profits or losses, including without limitation any penalties which may be imposed or liability incurred as a result of activities related to the construction of the facilities called for in the construction contract." Equipment of the three individual companies was pooled and rented to the joint venture. Although the parties disclaimed the formation of a *general* partnership, a provision was made for the filing of a Partnership Information Return with the federal government. Insurance, including workers' compensation insurance, was obtained by the joint venture.

A provision of the contract allowed each participant to appoint a representative to act on its behalf to make decisions pertaining to the joint venture. Salaries or wages chargeable to the job were those of persons who were employed in actually carrying out performance of the contract. In the course of performing the contract the parties placed certain employees, including Boatman, on the payroll of H. O. H.; in order to protect certain benefits from his employment with Hyman, West remained on the Hyman payroll while working on the project. H. O. H. reimbursed Hyman for West's salary expenditures. H. O. H. reimbursed West directly for his automobile expenses.

No individual business of the parties was conducted on the premises but only the business of the joint venture project, and both West and Boatman were thus engaged.

An early case in 1847 defined for the first time in Georgia a joint

venture. " 'If [the two parties] . . . purchased the cotton jointly, paid equal portions of the purchase money, were to pay equal portions of the expenses and transportation of the cotton, and were to share in the losses and profits, it is a copartnership. There is no difference between a joint adventure, when the joint adventurers purchase jointly, and are to participate in the losses and profits, and a copartnership. Such an adventure is a copartnership.' " *Solomon v. Solomon,* 2 Ga. 18, 26 (1847). A partnership may be created for a single venture or enterprise. *Corbin v. Collum,* 173 Ga. 681, 683 (160 SE 771) (1931). "It has often been declared that a partnership is created inter se only where the parties so intend. But, broadly stated, this expression may be misleading. 'The intent which is controlling is the intent to contract for those things which the law declares constitute a partnership. If the parties intend to enter into such a contract and actually do so, they will be partners although they may have intended to avoid this consequence or may even have expressly stipulated that they are not to be partners.' [Cits.]" *Floyd v. Kicklighter,* 139 Ga. 133, 138 (76 SE 1011) (1912). In the case sub judice, there is a disclaimer of a general partnership. Some authority seems to indicate that a joint venture must exclude the idea of a partnership, "even though some if not all of the other incidents pertaining to a partnership may exist." *Clement A. Evans & Co. v. Waggoner,* 197 Ga. 857 (30 SE2d 915) (1944). This anomaly seems to arise out of the court's desire to permit a corporation to participate in a joint venture where corporate authority to enter into a partnership was lacking. For our purposes there may be a distinction without a difference in that each of the controlling attributes here can describe a joint venture or a partnership, i.e., a sharing of the fruits and losses with an equal right, expressed or implied, to direct and control the conduct of the enterprise. Thus, we may *treat* the joint venture as a partnership composed of the adventurers without deciding they are partners.

A similar method of determination has been used by our sister states. "Joint venturers bear the same relation to each other as do the partners in a partnership. Each is an agent of the entity." Hammer v. Gibbons & Reed Co., 29 Utah 2d 415 (510 P2d 1104, 1105 (1, 2)). We use the word "entity" only to quote correctly because a partnership is not necessarily a legal entity in Georgia. *Scoggins v. Aetna Cas. &c. Co.,* 139 Ga. App. 805, 807 (229 SE2d 683) (1976). The better case for our purpose is W. B. Johnston Grain Co. v. Self, 344 P2d 653 (Okl.) (1959), where the court held that a joint venture was not a distinct legal entity separate and apart from the parties composing it and thus an employee engaged in activities of the joint venture is an employee of each of the joint adventurers under ordinary principles of agency.

We adopt this as our rule and accordingly Code Ann. § 114-103 will apply so as to bar suit by a covered employee against his employer and against his fellow employee. USF & G's liability being derivative, its dismissal was proper.

We sustain the lower court's granting of summary judgment for appellees.

*Judgments affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 14, 1981.

*Scott Walters, Jr.,* for appellants.
*Samuel P. Pierce, Jr., Wilbur C. Brooks, H. Lowell Hopkins,* for appellees.