## 68103. BERKMAN v. THE COMMERCIAL BANK, DOUGLASVILLE.

POPE, Judge.

Samuel Berkman appeals the grant of a directed verdict in favor of The Commercial Bank, Douglasville, Georgia on a suit upon a note. The sole issue at trial was the adequacy of consideration. *Held*:

1. In March 1981 Berkman signed a note with The Commercial Bank. This was done in connection with Berkman assuming the duties of general partner in an Atlanta restaurant, Burt's Place. Berkman's note followed one executed in 1977 by Lloyd Adams. It is Berkman's contention that his note to the bank is a guaranty. As noted by counsel for Berkman, the distinction between guaranty and surety has been abolished by statute. See Ga. L. 1981, p. 870, § 1. However, the note in question was signed before the effective date of this law and is entitled a guaranty.

"Mere nomenclature is not of itself determinative as to whether a contract is one of guaranty or suretyship. The contents of a can of sliced beets are not changed by a label denoting them to be garden peas. It is the substance and the real intent of the parties which determine the character of an agreement. [Cits.]" *Kennedy v. Thruway Service City*, 133 Ga. App. 858, 860 (212 SE2d 492) (1975). We note the following language in the note sued upon: "The Bank may . . . without notice to the undersigned . . . resort to the undersigned . . . for payment . . . whether or not the Bank shall have resorted to any property securing any of the Liabilities or any obligation hereunder or shall have proceeded against any other of the undersigned or any other party primarily or secondarily liable [on the note]. . . ."

"Under this instrument the defendant [Berkman] was primarily

liable to the plaintiff [the bank], not secondarily so. He agreed to pay a certain amount for the principal debtor promptly on demand at maturity. His agreement was not one that the principal debtor was able to pay, or that he would pay, if the principal debtor failed to pay. His liability under this contract was direct and primary and, upon his failure to pay as provided therein, he was subject to suit thereon, without it being shown that the principal debtor was insolvent, or unable to respond to any judgment that the plaintiff may obtain against him. Under these circumstances it is immaterial whether the instrument in question be denominated a contract of suretyship or one of guaranty. [Cits.]" *Arkansas Fuel Oil Co. v. Young*, 66 Ga. App. 33, 36 (16 SE2d 909) (1941). See also *Hazel v. Tharpe & Brooks, Inc.*, 159 Ga. App. 415 (3) (283 SE2d 653) (1981).

2. Berkman argues that the evidence below was in conflict on the issue of consideration. He bases this on the evidence that neither he nor the partnership received any new loan from the bank. However, this is not proof of lack of consideration, but merely proof of the lack of a new loan. The note itself, admitted into evidence, contains the following language: "FOR VALUE RECEIVED, the sufficiency of which is hereby acknowledged, and in consideration of any loan or other financial accommodation heretofore or hereafter made or granted to Restaurant Ventures Limited Partnership. . . ."

We find that the evidence shows consideration for the note in at least two ways. First, the note recites that it was given in consideration of loans previously made and for any loans to be made in the future to the partnership. "[I]f the contract expressly guarantees past and future advances, in consideration of future advances to be made, it is sufficient as to the whole." *Ellis v. Chem-Tech Finishers*, 140 Ga. App. 180, 181 (230 SE2d 340) (1976). The note before us falls within this rule. In addition, the note between the bank and the partnership, underlying Berkman's note, was admitted into evidence. The terms of this note give the bank the right to call the note at any time it deems itself insecure, in effect, to call the note on demand. Berkman's note, as set out above, states that it was given "for value received" and for "other financial accommodations." Thus, it is clear from the evidence presented at trial that forbearance on the right to call the underlying note formed part of the consideration for Berkman's note. "Slight consideration is sufficient to sustain a contract. . . . Forbearance to prosecute a legal claim . . . [is] sufficient [consideration] to support a contract." *Austell v. Rice*, 5 Ga. 472 (2, 3) (1848). Therefore, we find no error in the trial court's directed verdict. In light of our ruling, we need not reach Berkman's remaining enumerations of error.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 23, 1984 —
REHEARINGS DENIED JULY 23 AND AUGUST 1, 1984 —

*Stanley E. Kreimer, Jr.*, for appellant.
*David T. Emerson*, for appellee.