A96A2372. WATSON/WINTER JOINT VENTURE v. MILLEDGE.
(480 SE2d 389)

McMURRAY, Presiding Judge.

Plaintiff Watson/Winter Joint Venture ("Watson/Winter") as contractor entered into a written construction subcontract with defendant Charles & Sons Contractors ("C&S" or "Subcontractor"), for "lath, plaster, gypsum board, acoustic wall and ceiling systems" work to be performed at Clark Atlanta University. Defendant William Charles Lewis and Annie Milledge as "officers and/or owners . . ." of C&S, entered into an indemnity agreement to hold Watson/Winter harmless from "any and all loss, liability, damages, costs. . . ." Plaintiff subsequently brought suit, alleging that C&S failed to perform its obligations under the contract, and further seeking to hold the individuals William Charles Lewis and Annie Milledge "jointly and severally liable to Plaintiff Watson/Winter," under their indemnity

agreement.

Defendants answered and denied liability, although defendant Annie Milledge admitted signing the indemnity agreement "at the request of her brother, Defendant [William Charles] Lewis, as an [accommodation], and based on certain statements he made to her to induce her to sign." Defendant "William Charles Lewis aka Charles Lewis, individually and d/b/a Charles & Sons Contractors," were subsequently discharged in bankruptcy and the trial court dismissed this action as to them.

The case against Annie Milledge was tried to the State Court of DeKalb County, Georgia, without the intervention of a jury. There is no transcript of the trial proceedings in the record on appeal. According to the final judgment, at the close of plaintiff's case, defendant Annie Milledge moved for a directed verdict. The trial court found "[t]here is no evidence that the named Plaintiff is a legal entity, and the Plaintiff, as named in the pleadings and on the contract and indemnity agreement, is not an 'amendable defect' that would provide for a retroactive correction." The trial court further concluded that, since "there is no Party Plaintiff in the case, . . . Defendant Milledge's Motion [should] be granted[, whereupon,] Plaintiff's Complaint [was] Dismissed with Prejudice and Judgment entered for Defendants." This appeal followed. *Held*:

In related enumerations of error, Watson/Winter contends the trial court erred in finding "no evidence that Plaintiff is a legal entity," and further erred in "not advising Plaintiff what additional evidence it requires to establish Plaintiff's legal existence and [in not] affording Plaintiff a reasonable opportunity to submit same."

"An action may be maintained by and in the name of any unincorporated organization or association." OCGA § 9-2-24. Nevertheless, we are unable to address any enumeration of error dependent upon a review of the evidence submitted before the trial court, because there is no transcript of the proceedings below nor any attempt to recreate the record as contemplated by OCGA § 5-6-41 (g) and (i). "In order for an appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c)." *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443 (1), 444 (462 SE2d 384). Therefore, we must assume in this case that the evidence authorized the trial court's factual determination that the named plaintiff Watson/Winter Joint Venture is not a legal entity. But this finding does not itself authorize the trial court's dismissal of the action with prejudice, for the objection raised in defendant Annie Milledge's motion for directed verdict is a challenge to the real party in interest under OCGA § 9-11-17 (a), which

provides in part: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." In Georgia, "a joint venture [is] not a distinct legal entity separate and apart from the parties composing it. . . ." *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272). In the case sub judice, the real parties in interest are those entities which constitute the joint venture. The judgment in this case is therefore vacated and the case is remanded with direction that a reasonable opportunity be provided for the legal entities composing Watson/Winter Joint Venture to ratify or join the action pursuant to OCGA § 9-11-17 (a), or, upon proper motion, that the real parties in interest be joined or substituted in accordance with OCGA § 9-11-19 (a). *Allman v. Hope*, 200 Ga. App. 137, 138 (1), 139 (407 SE2d 107). The trial court is further directed to permit such joinder, but upon failure of plaintiff to so move within 20 days of the receipt of the remittitur, a grant of a motion to dismiss on the basis of real party in interest shall be authorized. See *Henry v. Moister*, 155 Ga. App. 462 (1), 463 (271 SE2d 40).

*Judgment vacated and case remanded with direction. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 29, 1997.

*Arnold F. Ernst*, for appellant.
*W. Jason Uchitel*, for appellee.