A00A0143. ACCOLADES APARTMENTS, L.P. v. FULTON
COUNTY et al.
A00A0144. INTERNAL REVENUE SERVICE v. FULTON COUNTY
et al.
(528 SE2d 268)

McMURRAY, Presiding Judge.

Condemnor-appellee Fulton County brought its petition for condemnation against condemnee-appellant Accolades Apartments, L.P. ("Accolades") in connection with certain real property Accolades owned located in Fulton County ("the Property") which was necessary to a road construction project. During the course of the condemnation proceedings, appellees the Internal Revenue Service ("IRS"), the Georgia Department of Revenue ("Department of Revenue"), and Coyote Portfolio, LLC ("Coyote"), among others, filed claims and motions seeking disbursement of the proceeds of the condemnation upon a judgment and tax liens filed against the Property while it was owned by Accolades Apartments Joint Venture ("Accolades Joint Venture" or "the joint venture"), a predecessor in title to Accolades. Accolades responded to these motions, asserting that it was entitled to all the condemnation proceeds, such liens not having attached to the Property when in the hands of the joint venture. The liens against the Property arose from debts owed by Consolidated Equities Corporation ("CEC"), a joint venturer in Accolades Joint Venture and the entity from which the joint venture acquired the Property. On May 14, 1999, following a status conference at which all pending motions for disbursal were considered, the trial court ordered condemnation proceeds disbursed to the Department of Revenue and Coyote.[1] In issuing its order, the trial court found that the "IRS waived its claim[2] to any of the condemnation proceeds by failing to appear at a hearing for which it received proper notice." On May 24, 1999, the trial court issued its final order and judgment entering judgment in the amount of $200,000 as just and adequate compensation for the Property and ordering the case closed upon payment of such sum to the Department of Revenue and Coyote. Accolades now appeals the trial court's orders excluding it from the disbursal of the condemnation proceeds. In the companion appeal, the IRS appeals the trial court's order finding that it waived its claim seeking disbursement of funds for its failure to appear at the trial court's hearing on the disbursal claims. Inasmuch as these appeals arise out of the facts of a single case

---

[1] The trial court ordered disbursements in the amount of $99,795.53 and $20,414.07 in satisfaction of tax liens asserted by the Department of Revenue and a disbursement of $79,790.40 upon the judgment lien asserted by Coyote.

[2] The federal tax lien was $398,521.95. At the hearing of the trial court, all parties concurred such lien stood first in priority.

below, we have consolidated them for disposition on appeal. *Held*:

*Case No. A00A0143*

1. Accolades enumerates that the trial court erred in not ordering all the condemnation proceeds disbursed to it as the successor in title to the joint venture, as a partnership or joint venture whose property was protected from the creditors of its individual members. However, whether Accolades Joint Venture may be deemed a partnership or joint venture to which the law of partnership applies is here not the deep issue. Assuming, arguendo, the applicability of partnership law, the question is whether the deed by which CEC conveyed the Property to the joint venture was titled in a way denoting the presence of a partnership interest in accordance with such law. OCGA § 14-8-8 (d) (real property not in partnership name not deemed partnership property to the prejudice of nonpartner lacking actual knowledge to the contrary). "When title to real property is placed in the name of the partnership, the question of individuals shielding assets in secret partnerships is eliminated." *Morgan Guaranty Trust Co. &c. v. Alexander Equities*, 246 Ga. 60, 61 (268 SE2d 660).

> [F]or a partnership to protect its real property from judgment creditors of the individual partners, title to that property must be taken in the partnership name. . . . Deeds conveying land . . . without designating any partnership interest, subject each owner's interest to levy and sale and [OCGA § 14-8-25 (b) (3)] is not applicable.

Id.; see also *All Fla. Sand Unincorporated v. Lawler Constr. Co.*, 209 Ga. 720 (75 SE2d 559) (purchase of partnership property in the partnership name essential to protect interest of a partner in a partnership from levy and sale).

It is undisputed that CEC conveyed the Property to the joint venture by its name alone: Accolades Apartments Joint Venture. We conclude that this was insufficient to give notice of a partnership interest therein. "In Georgia, 'a joint venture (is) not a distinct legal entity separate and apart from the parties composing it. . . .' *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272)." *Watson/Winter Joint Venture v. Milledge*, 224 Ga. App. 395, 397 (480 SE2d 389); accord *Kissun v. Humana, Inc.*, 267 Ga. 419, 420 (479 SE2d 751):

> The theory of joint venturers arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (pro-

vided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other. [Cit.]

Id.; see also *Bowman v. Fuller*, 84 Ga. App. 421, 426 (1) (66 SE2d 249) (status as joint venture is generally a jury question). In light of the foregoing, this enumeration of error is without merit.

2. We need not address Accolades' remaining enumeration of error in light of our disposition in Division 1.

### Case No. A00A0144

3. In this case the IRS contends that the trial court abused its discretion in finding that the IRS "waived" its claim to the proceeds of the instant condemnation for the failure of the IRS' counsel to appear at a pretrial status conference. The IRS argues that the trial court's ruling was unduly harsh as tantamount to dismissal without prejudice under Uniform Superior Court Rule ("USCR") 14. Alternatively, the IRS argues that the trial court's ruling was impermissible as amounting to dismissal with prejudice contrary to OCGA § 9-11-41 (lack of prosecution) and USCR 14 (failure to appear). We disagree.

Though the trial court cited USCR 14 in finding that the IRS had waived any claim to the condemnation proceeds for the nonappearance of the IRS' counsel at its status conference, the trial court took no action to dismiss the IRS' claim with or without prejudice. Rather, upon finding that the IRS "receive[d] notice of the hearing and, as a result, was spurred to file its claim[,]" alluding to supporting facts of record, *Chamlee v. Dept. of Transp.*, 182 Ga. App. 120, 122 (2) (354 SE2d 701) (" ' "Findings of fact" ' are insufficient when they merely state the court's answers to the material issues in the case, and when they contain no facts based on the evidence supporting those answers. [Cit.]"), the trial court heard the motions to disburse the condemnation proceeds before it in accordance with notice to such effect given in its order setting status conference. In finding waiver with respect to the IRS' claim, the trial court, in effect, entered default judgment against the IRS for its failure to prosecute. However, in any event, we conclude that the trial court was at liberty to proceed as it did.

OCGA § 9-11-41 (b) and [USCR] 14 both contain permissive language. Under either provision the Court *may* dismiss an action without prejudice if the plaintiff fails to appear at the call of the case. Neither provision, however, exhausts the options available to the trial court under its authority to control its own docket and regulate the business

of the court. *Scocca v. Wilt*, 243 Ga. 2 (252 SE2d 401) (1979). The rule and the statute simply allow the court to dismiss the action and restrict[ ] the dismissal to one without prejudice. It goes without saying that the trial court may elect to continue the case and set it for trial on another date. *Alternatively, the court may go forward with the trial of the case. . . .* The judgment that is entered following such a trial is not a dismissal. It is a judgment like any other judgment that is subject to appeal, motion for new trial, or a motion to set aside under OCGA § 9-11-60.

(Emphasis in original and supplied.) *Kraft, Inc. v. Abad*, 262 Ga. 336-337 (417 SE2d 317). Further, whether the IRS' counsel's claim that he had not received notice of the trial court's status conference was in the nature of post hoc rationalization or otherwise, we cannot say that the trial court's finding as to notice of its hearing to the contrary was clearly erroneous. *Fuss v. State*, 271 Ga. 319, 321 (2) (519 SE2d 446). Under these circumstances, we find that the trial court did not abuse its discretion in entering its judgment against the IRS in Case No. A00A0144.

*Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 3, 2000 — 

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp*, for Accolades Apartments, L.P.

*Richard H. Deane, Jr., United States Attorney, James R. Schulz, Assistant United States Attorney*, for the Internal Revenue Service.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Smith, Gambrell & Russell, Marcia M. Ernst, William R. Turner*, for Fulton County et al.