A00A0087. AARON RENTS, INC. v. FOURTEENTH STREET VENTURE, L.P. et al.
(533 SE2d 759)

JOHNSON, Chief Judge.

In 1980, James Shepherd and Ian Stalker formed Fourteenth Street Associates for the purpose of acquiring and operating certain property. Fourteenth Street Associates purchased two contiguous

---

tracts of property in Atlanta, and in 1984, it bought a third tract adjacent to the other two tracts.

In 1986, Fourteenth Street Associates refinanced the property with a $3,200,000 loan from Life Insurance Company of Virginia ("Life of Virginia"), secured by the property. At that time, the property was used as the headquarters for Ball Stalker Company, which sold office furniture. In 1987, Aaron Rents, Inc. bought Ball Stalker from its owners, one of whom was Shepherd. Aaron Rents later sued Shepherd and the other sellers for breach of various warranties involved in the Ball Stalker sale and in 1991 obtained a $559,114 judgment against Shepherd.[1]

In 1993, Fourteenth Street Associates conveyed the three adjacent tracts of property, subject to the existing Life of Virginia loan, to a limited partnership called Fourteenth Street Venture, L.P. In 1994, the limited partnership obtained from Life of Virginia an additional loan of $1,021,000, which was also secured by the property.

Aaron Rents filed the instant declaratory judgment action against the limited partnership, Fourteenth Street Venture, and Life of Virginia seeking a declaration from the trial court that its 1991 judgment against Shepherd constitutes an encumbrance on the property and that its lien for that judgment is superior to Life of Virginia's 1994 deed to secure debt on the property. The parties filed opposing motions for summary judgment. The central issue argued in those motions was whether Shepherd and Stalker created a partnership when they formed Fourteenth Street Associates, because if that association was a partnership, then Aaron Rents' 1991 judgment against Shepherd individually cannot be enforced against the property originally acquired by that partnership. The trial court granted summary judgment to Fourteenth Street Venture and Life of Virginia and denied summary judgment to Aaron Rents. Aaron Rents appeals.

1. Aaron Rents argues that Shepherd and Stalker did not form a partnership when they created Fourteenth Street Associates but only formed a joint venture. We disagree with the argument and find that Fourteenth Street Associates was a partnership.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit. . . ."[2] Factors that indicate the existence of a partnership include a common enterprise, the sharing of risk, the sharing of expenses, the sharing of profits and losses, a joint right of control over the business, and a joint ownership of capital.[3] But the intention of the parties is the true test of whether there

---

[1] See *Shepherd v. Aaron Rents, Inc.*, 208 Ga. App. 139 (430 SE2d 67) (1993).

[2] OCGA § 14-8-6 (a).

[3] *Hayes v. Irwin*, 541 FSupp. 397, 415 (N.D. Ga. 1982).

is a partnership, which may be created by a contract.[4]

In the instant case, Shepherd and Stalker clearly expressed their intention to form a partnership by just such a written contract. Although the contract forming Fourteenth Street Associates used the term "joint venture" instead of the term "partnership," we must look to the substance of the agreement rather than mere nomenclature in determining the intent of the parties.[5] And the intent which controls is the intent to contract for those things which under the law constitute a partnership.[6] If the parties intend to, and in fact do, enter into such a contract, they will be partners under the law even though they may have expressly stipulated that they are not partners.[7]

In the instant case, the agreement provided, among other things, that Fourteenth Street Associates was formed to acquire property for profit, that both Shepherd and Stalker had to consent to any other business by the association, that neither Shepherd nor Stalker had any authority to act alone on behalf of the association, that Shepherd and Stalker each had a 50 percent interest in the association's assets and profits and losses, that Shepherd and Stalker each contributed $25,000 in capital to the association, and that each of them bore the risks of the association's business. Based on this agreement, we find as a matter of law that Shepherd and Stalker intended to contribute equal amounts of capital to the enterprise, share the risks involved in the enterprise, share control over the business, and share the business assets and profits and losses. Shepherd and Stalker thus intended to, and did, form an association to carry on as co-owners of a business for profit — in other words, they formed a partnership.

Moreover, Aaron Rents' distinction between a joint venture and a partnership is immaterial in this case. "[I]n this instance, as in most, the distinction is not crucial and the same general rules apply. [Cits.]"[8] There is no difference between a joint venture and a partnership when the parties purchase property jointly and participate in the profits and losses; such a venture is a partnership.[9]

A partnership protects its real property from judgment liens against the individual partners when title to that property is taken in the partnership name.[10] Thus, Shepherd's interest in what was the Fourteenth Street Associates' partnership property is not subject to

---

[4] *Ghee v. Kimsey*, 179 Ga. App. 446, 447 (1) (346 SE2d 888) (1986); *Jackson v. Jackson*, 150 Ga. App. 87, 88 (1) (256 SE2d 631) (1979).

[5] See *Berkman v. Commercial Bank &c.*, 171 Ga. App. 890 (1) (321 SE2d 339) (1984).

[6] *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981).

[7] Id.

[8] *Vitner v. Funk*, 182 Ga. App. 39, 42 (2) (354 SE2d 666) (1987).

[9] *Boatman*, supra.

[10] *Morgan Guaranty Trust Co. &c. v. Alexander Equities*, 246 Ga. 60 (268 SE2d 660) (1980).

Aaron Rents' 1991 judgment lien.[11] Because the property in question is not subject to the judgment lien, the trial court did not err in granting summary judgment to Fourteenth Street Venture and Life of Virginia and in denying summary judgment to Aaron Rents.

2. Because of our findings in Division 1, we need not address Aaron Rents' second enumeration of error that summary judgment for Fourteenth Street Venture and Life of Virginia was improper because there exists a genuine issue of material fact as to whether Fourteenth Street Associates was a partnership or a joint venture.

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 13, 2000 —
RECONSIDERATION DENIED MAY 1, 2000 — 

*Minkin & Snyder, Michael J. King, G. Brian Raley, Robert E. Spears, Jr.*, for appellant.

*Welch, Spell, Reemsnyder, Pless & Davis, Joseph G. Davis, Jr., Heyman & Sizemore, William B. Brown*, for appellees.