S00G0952. ACCOLADES APARTMENTS, L.P. v. FULTON
COUNTY et al.
S00G1477. AARON RENTS, INC. v. FOURTEENTH STREET
VENTURE, L.P. et al.
(549 SE2d 348)

HINES, Justice.

We granted certiorari in *Aaron Rents v. Fourteenth Street Venture, L.P.*, 243 Ga. App. 746 (533 SE2d 759) (2000), and *Accolades Apts., L.P. v. Fulton County*, 242 Ga. App. 214 (528 SE2d 268) (2000),[1] to resolve a conflict between them concerning whether real property titled in the name of a "joint venture" is to be treated as partnership property and therefore beyond the reach of judgment creditors of individual members of the "joint venture." We find that, in certain circumstances, it can be.

In *Accolades*, the real property at issue was owned by Consolidated Equities Corporation prior to 1987, when Consolidated Equities executed a warranty deed to "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation." After that transfer, various judgment and tax liens arose against Consolidated Equities Corporation. The property was later transferred to Accolades Apartments, L.P., and thereafter was condemned for a road project. The condemnation proceeds were sought by Accolades Apartments, L.P., and the holders of those judgment and tax liens against Consolidated Equities Corporation which arose after the 1987 conveyance. The trial court ordered the proceeds dispersed to certain of the lien holders, and the Court of Appeals affirmed, holding that any partnership status that might have been asserted by "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation," or its successors, was irrelevant to the question of dispersal. The Court of Appeals reasoned that because a joint venture is not a legal entity separate from

---

[1] The Court of Appeals's opinion in *Accolades* dealt with two cases, A00A0143 and A00A0144. Certiorari was sought and granted only in A00A0143.

those parties that compose it, and no partnership status was revealed in the conveyance to the joint venture, there was no notice in the deed record of any partnership status, and therefore the liens against Consolidated Equities attached to the property even though it was titled in the name of "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation." See *Accolades,* supra.

In *Aaron Rents,* individuals Shepherd and Stalker formed "Fourteenth Street Associates," in which name certain real property was held. Aaron Rents, Incorporated sued Shepherd and gained a judgment against him individually. The property was later conveyed to "Fourteenth Street Venture, L.P.," and Aaron Rents sought a declaratory judgment that it had a lien on the property based on its judgment against Shepherd. On summary judgment, the trial court ruled that as the property was titled in the name of the joint venture, it was not subject to levy to satisfy a judgment against one of the individuals comprising the joint venture, citing *Morgan Guaranty Trust Co. v. Alexander Equities,* 246 Ga. 60, 61 (268 SE2d 660) (1980). The Court of Appeals affirmed, looking to the documents forming "Fourteenth Street Associates" and found that the parties had by contract created those relationships that the law considers to constitute a partnership. Consequently, a partnership had in fact been formed, not merely a joint venture, and therefore the property should be considered partnership property. See *Aaron Rents,* supra.

In each of these cases, real property was titled in the name of a "joint venture," and the deed records reflected those ownerships. But the Court of Appeals did not resolve the cases consistently: in *Accolades,* the Court of Appeals relied on the fact that the joint venture named on the deed and in the deed records did not reveal itself by its name to be a partnership; in *Aaron Rents,* the Court of Appeals, faced with a deed to "Fourteenth Street Associates," looked at other documents to see whether a partnership had in fact been created, and accorded the property the status of partnership property.

The conflict can be resolved by recognizing that *Accolades* primarily relied on the concept that a joint venture is not a legal entity separate from those parties that compose it. See *Boatman v. George Hyman Constr. Co.,* 157 Ga. App. 120, 123 (276 SE2d 272) (1981). While that concept is correct, it is an incomplete statement of the relevant law. In fact, a "joint venture" can be a separate legal entity, if the attributes of the "joint venture" are such that the venture is in actuality a partnership.

The theory of joint venturers arises where two or more parties combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control (pro-

vided the arrangement does not establish a partnership), so as to render all joint venturers liable for the negligence of the other.

*Kissun v. Humana, Inc.*, 267 Ga. 419, 420 (479 SE2d 751) (1997). When the arrangement does establish a partnership, it is more appropriate to refer to it as a partnership than as a joint venture. Whether a "joint venture" is actually a partnership is a question of fact and depends on the rights and responsibilities assumed by the joint venturers. See *Kissun*, supra; *Huggins v. Huggins*, 117 Ga. 151, 155 (1) (43 SE 759) (1903); *Peacock v. Chegwidden*, 238 Ga. App. 328, 330 (2) (518 SE2d 760) (1999); *Vitner v. Funk*, 182 Ga. App. 39, 42 (2) (354 SE2d 666) (1987). This is so even if the documents controlling the arrangement expressly state that no partnership is formed. *Boatman*, supra.

If a "joint venture" is in actuality a partnership, see OCGA §§ 14-8-6 & 14-8-7, real property acquired in the name of the "joint venture" will be considered partnership property. OCGA § 14-8-8 (a) (2). Partnership property is not subject to execution by the judgment creditor of an individual partner. See OCGA §§ 14-8-25 (b) (3) & 14-8-28 (a) & (b). Thus, the Court of Appeals in *Aaron Rents* addressed the salient issue: was the entity holding the property at the relevant time, "Fourteenth Street Associates," a partnership. In *Accolades*, the Court of Appeals ignored this question. Consequently, the judgment of the Court of Appeals in *Accolades* cannot stand.[2]

*Judgment affirmed in Case No. S00G1477. Judgment reversed in Case No. S00G0952. Fletcher, C. J., Sears, P. J., Benham, Hunstein, Thompson, JJ., and Judge William A. Foster III concur. Carley, J., disqualified.*

DECIDED JULY 2, 2001.

*Case No. S00G0952*

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp,* for Accolades Apartments.

*Richard H. Deane, Jr., U. S. Attorney, James R. Schulz, Assistant U. S. Attorney,* for the Internal Revenue Service.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy*

---

[2] Coyote Portfolio, LLC, an appellee in the *Accolades* case, asserts that Accolades presented no evidence in the trial court that it was, in fact, a partnership at the time of the conveyance at issue. However, such a determination is beyond the scope of this Court's grant of certiorari.

Attorney General, Warren R. Calvert, Senior Assistant Attorney General, William R. Turner, Smith, Gambrell & Russell, William V. Hearnburg, Jr., Marcia M. Ernst, Hewitt, Katz & Dumich, Shellie R. Cherner, Beryl H. Weiner, Troutman Sanders, Thomas R. Walker, Womble, Carlyle, Sandridge & Rice, Terrill A. Parker, W. R. Robertson III, for Fulton County.

Dodson, Feldman & Dorough, William H. Dodson II, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Powell, Goldstein, Frazer & Murphy, Aasia Mustakeem, amici curiae.

Case No. S00G1477

Greenberg Traurig, Michael J. King, Robert E. Spears, Jr., Joseph H. Akers, for appellant.

Welch, Spell, Reemsnyder, Pless & Davis, Joseph G. Davis, Laura L. McGinty, Heyman & Sizemore, William B. Brown, Smith, Gambrell & Russell, Marcia M. Ernst, Paul, Hastings, Janofsky & Walker, John G. Parker, for appellees.