### A00A0143. ACCOLADES APARTMENTS, L.P. v. FULTON COUNTY et al.
#### (556 SE2d 552)

MIKELL, Judge.

In *Accolades Apts. v. Fulton County*, 242 Ga. App. 214 (528 SE2d 268) (2000), we affirmed an order of the Superior Court of Fulton County disbursing condemnation proceeds to the creditors of Consolidated Equities Corporation, a predecessor in title to appellant Accolades Apartments, L.P. On certiorari, the Supreme Court reversed. *Accolades Apts. v. Fulton County*, 274 Ga. 28 (549 SE2d 348) (2001).[1] The Court held that we had neglected to address the relevant issue: whether the owner of the real property at the time the liens arose was a partnership or a joint venture. At the relevant time, the property was owned by "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation." The Supreme Court noted that if Accolades Apartments Joint Venture is a partnership, then the real property acquired in its name is considered partnership property and thus not subject to execution by Consolidated's judgment creditors. Id.

The Court ruled that the nomenclature utilized in establishing an entity is not the controlling factor. "In fact, a 'joint venture' can be a separate legal entity, if the attributes of the 'joint venture' are such that the venture is in actuality a partnership." *Accolades Apts.*, supra at 29. "Whether a 'joint venture' is actually a partnership is a question of fact and depends on the rights and responsibilities assumed by the joint venturers. This is so even if the documents controlling the arrangement expressly state that no partnership is formed." (Citations omitted.) Id. at 30. "Factors that indicate the existence of a partnership include a common enterprise, the sharing of risk, the sharing of expenses, the sharing of profits and losses, a joint right of control over the business, and a joint ownership of capital. But the intention of the parties is the true test of whether there is a partnership. . . ." (Footnotes omitted.) *Aaron Rents, Inc. v. Fourteenth Street Venture*, 243 Ga. App. 746, 747-748 (1) (533 SE2d 759) (2000), aff'd, 274 Ga. 28 (549 SE2d 348) (2001).

---

[1] The decision affects Divisions 1 and 2 of our opinion, and only those Divisions are vacated.

Appellant contends that the intention of John Hancock Insurance Company and Consolidated Equities Corporation in forming "Accolades Apartments Joint Venture" can be found in a supplement to the record below entitled "STATEMENT OF PARTNERSHIP OF ACCOLADES APARTMENTS JOINT VENTURE." This document states in pertinent part:

> WHEREAS, the undersigned, as participants in said Joint Venture, desire, by this Statement of Partnership, to evidence of public record the Joint Venture Agreement and to further evidence their desire to be treated as an entity under the Uniform Partnership Act as enacted in the State of Georgia for the purposes of owning the Project.

While this document provides some evidence that "Accolades Apartments Joint Venture" was in actuality a partnership, it does not appear that the trial court considered the document in rendering its ruling. As the issue of whether a partnership or a joint venture existed is best left to the factfinder, we vacate the judgment below and remand the case to the trial court for proceedings on this issue consistent with this opinion. *Medders v. Smith*, 245 Ga. App. 323, 327 (4) (537 SE2d 153) (2000).

*Judgment vacated and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 16, 2001.

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp*, for appellant.

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Smith, Gambrell & Russell, Marcia M. Ernst, William R. Turner*, for appellees.

