A03A1577. RECEIVABLES PURCHASING COMPANY, INC. v. R & R DIRECTIONAL DRILLING, LLC.
(588 SE2d 831)

RUFFIN, Presiding Judge.

Receivables Purchasing Company, Inc. (Receivables) and R & R Directional Drilling, LLC (R&R) each claim entitlement to $32,136.84 deposited into the registry of the trial court by Dillard Smith Construction Company (Dillard Smith). The trial court found in favor of R&R. Receivables appeals, contending that the trial court made an erroneous factual finding and that the judgment was based on "an erroneous legal theory." For reasons that follow, we affirm.

"Under the clearly erroneous test, we will not disturb the trial court's factual findings if there is any evidence to sustain them."[1] The

---

[1] (Punctuation omitted.) *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 317 (2) (489 SE2d 310) (1997).

record shows that Dillard Smith hired Network Solutions, Inc. as a subcontractor on several projects. Network later assigned all rights that it had to payment for this work to Receivables. On April 2, 2001, Receivables filed a UCC-1 financing statement in Bartow County to perfect Receivables' security interest in these payments and thus its entitlement to the payments. In an error that has now become the crux of this dispute, the financing statement listed the debtor as *"Net work* Solutions, Inc." rather than the correct name *"Network* Solutions, Inc."[2]

R&R subsequently performed drilling services for Network, for which R&R was not paid. On May 23, 2002, R&R obtained a judgment against Network in the amount of $40,993.74. According to R&R's counsel, R&R performed a UCC search under the name "Network Solutions, Inc." to determine if any individual or entity held a superior claim to the funds. When the search failed to reveal any debtor named Network Solutions, Inc., R&R filed a summons and affidavit of garnishment on July 12, 2002, against Network and Dillard Smith for the amount owed to R&R. Dillard Smith answered the summons, stating that it was holding a sum of $32,136.84 which was owed to Network, but that these funds were also being claimed by Receivables. Accordingly, it requested the court to allow these funds to be deposited with the court. Dillard Smith also filed a counterclaim requesting that the court order that R&R and Receivables interplead their respective claims.

Subsequent to Dillard Smith's motion to interplead, which was the first notice to R&R that there might be a superior claim to the funds, R&R requested that the Georgia Superior Court Clerks Cooperative Authority (GSCCCA) perform a UCC search pursuant to OCGA § 11-9-523 (c). The GSCCCA did a certified search under the correct name Network Solutions, Inc. The search did not reveal Receivables' financing statement, which, as noted above, was filed incorrectly under "Net work Solutions, Inc."

On October 8, 2002, based on consent of the parties, the trial court entered an order directing Dillard Smith to pay $32,136.84 into the court's registry and making Receivables a party to the interpleader counterclaim. Receivables then filed a motion for withdrawal of the $32,136.84, contending that Receivables had a superior right to these funds by virtue of the UCC-1 financing statement it filed on April 2, 2001. R&R responded, arguing that Receivables' UCC-1 statement was not a perfected security interest that could defeat R&R's lien on the proceeds because Receivables failed to properly

---

[2] (Emphasis supplied.)

name Network Solutions, Inc. as the debtor on the financing statement.

This case turns on whether Receivables has a perfected security interest by virtue of its financing statement. If the security interest is not perfected, R&R is entitled to the funds pursuant to its lien on the proceeds, which dates from the service of the summons and garnishment.[3] Following a hearing on October 10, 2002, the trial court entered a lengthy findings of fact and conclusions of law. The trial court concluded that the incorrect name made the financing statement "seriously misleading" pursuant to OCGA § 11-9-506 (b) and thus the statement was not sufficient to perfect Receivables' security interest. Accordingly, the court found in favor of R&R and ordered that R&R could withdraw the $32,136.84 deposited with the court.

Receivables appeals, contending that the trial court erred in making a factual determination that R&R conducted a diligent search.[4] Receivables also contends that the trial court erred in finding that "Net work Solutions, Inc." is seriously misleading pursuant to OCGA § 11-9-506 (b).

Under Georgia law, a financing statement is sufficient to perfect a security interest only if it provides the name of the debtor.[5] With respect to a registered organization, as in the present case, the debtor's name is deemed sufficient

> if the financing statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized.[6]

Accordingly, to be sufficient under the statute, Receivables needed to correctly identify Network Solutions, Inc. on the financing statement. As we have noted, however, Network is incorrectly listed as "Net work Solutions, Inc." OCGA § 11-9-506 defines the effects of such an error:

> (a) *Minor errors and omissions*. A financing statement substantially satisfying the requirements of this part is effec-

---

[3] See *Gen. Lithographing Co. v. Sight & Sound Projectors*, 128 Ga. App. 304-305 (1) (196 SE2d 479) (1973).

[4] The trial court's order does not make a finding that R&R's search was "diligent," and Receivables does not cite to any such finding in the record. Accordingly, we do not specifically address this argument. See Court of Appeals Rule 27 (c) (3). However, we note that the provisions of OCGA § 11-9-506 set forth what type of search is required to determine whether a financing statement is sufficient to perfect a security interest, and the remainder of this opinion addresses that issue.

[5] See OCGA § 11-9-502 (a) (1).

[6] OCGA § 11-9-503 (a) (1).

tive, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading. (b) *Financing statement seriously misleading.* Except as otherwise provided in subsection (c) of this Code section, a financing statement that fails sufficiently to provide the name of the debtor in accordance with subsection (a) of Code Section 11-9-503 is seriously misleading. (c) *Financing statement not seriously misleading.* If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with subsection (a) of Code Section 11-9-503, the name provided does not make the financing statement seriously misleading.

Receivables contends that in finding "Net work Solutions, Inc." seriously misleading pursuant to OCGA § 11-9-506 (b), the trial court relied too heavily on *Citizens Bank v. Ansley.*[7] Receivables also contends that a subsequent Georgia case, *Lehigh Press v. Nat. Bank of Ga.,*[8] compels a different result here. We disagree on both counts.

First, the trial court, although discussing *Citizens Bank* (and several other cases dealing with various errors in a debtor's name on a financing statement), specifically stated that the question in this case is answered by OCGA § 11-9-506, not *Citizens Bank.* Second, both *Citizens Bank* and *Lehigh* were decided prior to the enactment of OCGA § 11-9-506 (b) and (c) and thus neither case refers to these sections. As set forth above, however, these sections specifically define what makes an error or omission in a financing statement seriously misleading. Accordingly, a party filing a financing statement now acts at his peril if he files the statement under an incorrect name.

In the present case, it is undisputed that a search through the Bartow County Superior Court Clerk's Office[9] using the correct name did not reveal the financing statement. Thus, the plain language of OCGA § 11-9-506 (b) and (c) mandates the result reached by the trial court. Because the name of the debtor on the financing statement is seriously misleading, Receivables does not have a perfected security interest. Accordingly, we find that the trial court ruled correctly in favor of R&R.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[7] 467 FSupp. 51 (M.D. Ga. 1979).

[8] 193 Ga. App. 888 (389 SE2d 376) (1989).

[9] As noted above, Receivables filed the financing statement in Bartow County.

DECIDED OCTOBER 16, 2003.

*Stephanie R. Lindsey*, for appellant.

*Smith, Shaw & Maddox, Preston W. Smith, Thomas H. Manning*, for appellee.