A04A0622. ACCOLADES APARTMENTS, L.P. v. FULTON COUNTY.

(598 SE2d 910)

RUFFIN, Presiding Judge.

The issue in this appeal is whether a Statement of Partnership filed with the State is conclusive as to the existence of a partnership. The trial court concluded that it is not. As the trial court did not err in so ruling, we affirm.

This case has already been before us twice.[1] Its history was set forth in *Accolades Apartments v. Fulton County*.[2] In pertinent part, the facts demonstrate that Consolidated Equities Corporation ("CEC") owned property in Fulton County. On December 12, 1987, CEC transferred the property to Accolades Apartments Joint Venture ("AJV"), a venture between CEC and John Hancock Mutual Insurance Company ("John Hancock"). While the property was held in this manner, CEC incurred debts, including state tax liens and a judgment in favor of Coyote Portfolio, L.L.C.[3]

In 1993, AJV executed a quitclaim deed in favor of John Hancock. In 1995, John Hancock transferred the property by special warranty deed to Accolades Apartments, L.P. ("Accolades"), a new business entity also comprised of John Hancock and CEC. In April 1999, Accolades filed its "Statement of Partnership of Accolades Apartments Joint Venture" in Fulton County. This document provided that the

> participants in said Joint Venture, desire, by this Statement of Partnership, to evidence of public record the Joint Venture Agreement and to further evidence their desire to be treated as an entity under the Uniform Partnership Act as enacted in the State of Georgia for the purposes of owning the [property].

---

[1] See *Accolades Apartments v. Fulton County*, 242 Ga. App. 214 (528 SE2d 268) (2000); *Accolades Apartments v. Fulton County*, 252 Ga. App. 501 (556 SE2d 552) (2001).

[2] See 242 Ga. App. at 214.

[3] The judgment was actually rendered in favor of Coyote Portfolio's predecessor in interest. For the sake of clarity, we refer to Coyote Portfolio.

In 1998, Fulton County filed a petition to have the property condemned. The trial court issued a declaration of taking and ordered Fulton County to pay $200,000 into the court registry as compensation for the taking.

The Georgia Department of Revenue and Coyote Portfolio filed motions seeking disbursement of the condemnation proceeds to satisfy the outstanding judgment and liens against CEC, and the trial court ordered payment in favor of these creditors.

Accolades appealed this ruling, arguing that the trial court erred in failing to order disbursement of the condemnation proceeds to it, the owner of record.[4] Specifically, Accolades argued that, since the property was owned by a partnership, it could not be used to satisfy the debts of one of the partners. This Court rejected that argument, noting that no partnership interest was revealed in the deed conveying the property to the joint venture.[5] Thus, this Court treated the property as being owned by a joint venture, which "is not a distinct legal entity separate and apart from the parties composing it."[6]

The Supreme Court granted certiorari and reversed the ruling of this Court.[7] Specifically, that Court noted that "a 'joint venture' can be a separate legal entity, if the attributes of the 'joint venture' are such that the venture is in actuality a partnership."[8] The opinion further held that "[w]hether a 'joint venture' is actually a partnership is a question of fact and depends on the rights and responsibilities assumed by the joint venturers."[9]

The case was then remitted to this Court.[10] At that time, Accolades argued that the Statement of Partnership filed in Fulton County showed that Accolades was a partnership and petitioned this Court for a ruling to that effect. However, we determined that "the issue of whether a partnership or a joint venture existed is best left to the factfinder."[11] Thus, we remanded the case to the trial court for factual findings on the partnership issue. The trial court found that no partnership existed, and this appeal ensued. According to Accolades, the trial court erred in: (1) holding it was not a partnership; (2) finding that the property was not partnership property; and (3) failing to disburse the condemnation proceeds to Accolades.

1. "Under the clearly erroneous test, we will not disturb the trial

---

[4] See *Accolades Apartments*, supra, 242 Ga. App. at 214.

[5] See id. at 215-216 (1).

[6] (Punctuation omitted.) Id. at 215.

[7] See *Accolades Apartments v. Fulton County*, 274 Ga. 28 (549 SE2d 348) (2001).

[8] Id. at 29.

[9] Id. at 30.

[10] See *Accolades Apartments*, supra, 252 Ga. App. at 501.

[11] Id. at 502.

court's factual findings if there is any evidence to sustain them."[12] "Factors that indicate the existence of a partnership include a common enterprise, the sharing of risk, the sharing of expenses, the sharing of profits and losses, a joint right of control over the business, and a joint ownership of capital."[13]

As noted by the trial court, the only evidence of record indicating the existence of a partnership relationship is the Statement of Partnership. The fact that the parties wished to be treated as partners provides *some* evidence that a partnership relationship existed.[14] However, the nomenclature used in an agreement is not necessarily dispositive.[15] Courts still must look to the actual business relationship.[16]

Here, the Statement of Partnership, which also refers to Accolades as a "joint venture" does not set forth whether CEC and John Hancock shared the risks, expenses, profits, and losses of its business venture. It merely references the parties' desire to be treated as a partnership. Under these circumstances, we cannot say that the trial court erred in concluding no partnership existed.[17] Indeed, had the record been sufficient to declare as a matter of law the existence of a partnership based solely on the Statement of Partnership, we would have so ruled when the case was last before us.[18]

2. In view of our holding in Division 1, we need not address Accolades' remaining enumerations of error.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 27, 2004 —

*Paul, Hastings, Janofsky & Walker, John G. Parker, Joseph C. Sharp, Brady S. McFalls*, for appellant.

*Smith, Gambrell & Russell, Marcia M. Ernst*, for appellee.

---

[12] *Receivables Purchasing Co. v. R & R Directional Drilling*, 263 Ga. App. 649 (588 SE2d 831) (2003).

[13] *Accolades*, supra, 252 Ga. App. at 501.

[14] See id. at 502.

[15] See *Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981) (facts may establish partnership relationship even if parties expressly stipulate that no partnership exists); *Accolades*, supra, 274 Ga. at 30.

[16] See *Boatman*, supra.

[17] Compare *Aaron Rents v. Fourteenth Street Venture*, 243 Ga. App. 746, 748 (1) (533 SE2d 759) (2000) (partnership established by agreement that provided, inter alia, that parties shared risk, expenses, profits, and losses of venture).

[18] See *Accolades*, supra, 252 Ga. App. at 501-502.