S04G1536. ACCOLADES APARTMENTS, L.P. v. FULTON COUNTY.

(612 SE2d 284)

FLETCHER, Chief Justice.

This case asks us to decide whether an entity that publicly files a "statement of partnership" pursuant to OCGA § 14-8-10.1 has elected to become a partnership. The Court of Appeals held that the filing of a statement of partnership provides only "some evidence" that a partnership exists.[1] On remand, the trial court applied this standard and found that no partnership was formed in the present case. The Court of Appeals affirmed.[2] We granted certiorari, and now hold that the filing of a statement of partnership is conclusive evidence that a partnership exists. Accordingly, we reverse.

This is the second time this case has been before this Court.[3] The entity at issue is Accolades Apartments Joint Venture (AAJV), which was owned by Consolidated Equities Corporation (CEC) and John Hancock Mutual Insurance Company. AAJV owned real property (the Property) that was later transferred to appellant Accolades Apartments, L.P. The Property was subsequently condemned by appellee Fulton County, which paid $200,000 into the superior court's

[1] *Accolades Apts., L.P. v. Fulton County*, 252 Ga. App. 501, 502 (556 SE2d 552) (2001).

[2] *Accolades Apts., L.P. v. Fulton County*, 267 Ga. App. 197 (598 SE2d 910) (2004).

[3] *Accolades Apts., L.P. v. Fulton County*, 274 Ga. 28 (549 SE2d 348) (2001).

registry as condemnation proceeds. Appellant made a motion to disburse these funds, as did others including appellee Coyote Portfolio, LLC, which holds a judgment lien against CEC entered at the time AAJV owned the Property.

The ultimate issue is the proper disbursal of the condemnation proceeds. As we stated in our first opinion, if "a 'joint venture' is in actuality a partnership . . . real property acquired in the name of the 'joint venture' will be considered partnership property. . . . Partnership property is not subject to execution by the judgment creditor of an individual partner."[4] Therefore, if AAJV was a partnership, then the Property was partnership property and could not be used to satisfy Coyote's lien against CEC.

In our first opinion, we held that a joint venture could be a partnership, despite calling itself a joint venture, depending "on the rights and responsibilities assumed by the joint venturers."[5] In subsequent proceedings, appellant claimed that the owners of AAJV evidenced their intention to form a partnership by publicly filing a statement of partnership pursuant to OCGA § 14-8-10.1. The Court of Appeals held that this was only "some evidence" that AAJV was a partnership.[6] On remand the trial court found that no partnership existed, and the Court of Appeals affirmed.[7] We granted certiorari to consider whether the Court of Appeals afforded the proper weight to the statement of partnership.

1. A partnership can be formed in one of two ways: by express agreement or by implied agreement. The question is whether the parties intended to form a partnership.[8]

A statement of partnership is a form of express agreement, and an addition to Georgia's Uniform Partnership Act of 1984.[9] If publicly filed, a statement of partnership clearly evidences an intention for the entity to be treated as a partnership.[10] The concept of a statement of partnership is unique to the partnership code, and there is no discernible reason for parties to execute and publicly file such a document other than to agree among themselves, and to put third parties on notice, that they are in fact a partnership. Therefore, we hold that the public filing of a statement of partnership conclusively establishes the existence of a partnership.

---

[4] (Citations omitted.) Id. at 30.

[5] Id.

[6] *Accolades Apts.*, 252 Ga. App. at 502.

[7] *Accolades Apts.*, 267 Ga. App. at 199.

[8] *Ghee v. Kimsey,* 179 Ga. App. 446, 447 (346 SE2d 888) (1986).

[9] OCGA § 14-8-1 et seq.

[10] We need not decide whether an executed but unfiled statement of partnership is conclusive proof that a partnership exists.

Specific provisions of the Uniform Partnership Act support this conclusion. OCGA § 14-8-8 (a) provides that property included in "any recorded statement of partnership" is presumed to be partnership property.[11] And under OCGA § 14-8-10.1 (f) and (g), it is "conclusively presumed" that certain facts recited in the statement of partnership are true.

For these reasons, appellees' reliance on OCGA § 14-8-7, which deals with partnership formation in the absence of an express agreement, is misplaced.[12] Where parties "distinctly agree among themselves to become partners, there is no reason why the law should not take them at their word, even though [an] agreement falls short of the facts from which the law would otherwise have inferred a partnership."[13]

2. Our conclusion is also supported by policy considerations. Third parties must be able to rely on publicly filed documents. Potential purchasers of real property should not be required to look behind each publicly filed statement of partnership to determine whether the entity that owns the property is actually a partnership. Such an inquiry may not even be possible depending on what information about the partnership is available. One commentator has noted that the statement of partnership was a significant addition to partnership law because it allowed partners to make certain evidence of public record, and thus provide more certainty than had previously been possible.[14] To hold other than we do would frustrate the legislature's purpose in allowing statement of partnerships to be publicly filed.

For the above reasons, we hold that the public filing of a statement of partnership is conclusive proof that a partnership exists.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 26, 2005.

---

[11] This is subject to OCGA § 14-8-8 (d), which provides that "[r]eal property . . . held of public record otherwise than in the partnership name, the ownership of which is customarily publicly recorded, shall not be deemed to be partnership property to the prejudice of a person who is not a partner and who did not have actual knowledge to the contrary."

[12] *Waugh v. Waugh*, 265 Ga. App. 799, 801 (595 SE2d 647) (2004) ("A partnership results from a contract, *either* express or implied.") (emphasis supplied), quoting *Clark v. Schwartz*, 210 Ga. App. 678, 679 (436 SE2d 759) (1993).

[13] *Huggins v. Huggins*, 117 Ga. 151, 156 (43 SE 759) (1903).

[14] Thomas R. Hurst, *Will the Revised Uniform Partnership Act (1994) Ever Be Uniformly Adopted?*, 48 Fla. L. Rev. 575, 580 (1996) ("The statement of partnership authority . . . constitutes one of the real innovations of [the uniform partnership act] since it provides for a greater degree of certainty than was previously possible in determining the authority of a partner to act on behalf of the partnership.").

*Paul, Hastings, Janofsky & Walker, Brady S. McFalls, John G. Parker, Joseph C. Sharp,* for appellant.

*Smith, Gambrell & Russell, Marcia M. Ernst, William Van Hearnburg, Jr., Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General,* for appellee.